TOWN OF BLOOMFIELD, LOCAL BOARD OF HEALTH, PLAINTIFF-RESPONDENT, v. FOREST HILL TERRACE, INC., AND FOREST HILL APARTMENTS, INC., DEFENDANTS-APPELLANTS.

Essex County Court
Law Division

Decided March 17, 1961.

*Mr. S. Herman Cohen,* attorney for plaintiff-respondent.

*Messrs. McKenzie & Hehl,* attorneys for defendants-appellants (*Mr. Bernard Warren Hehl,* appearing).

CRANE, J. C. C.   These cases before the court are consolidated appeals from convictions of violations of a local health ordinance of the Town of Bloomfield.   The defendants-appellants have moved for an order determining who shall pay the cost of the transcript on appeal.

The proceedings below were recorded by a sound recording device pursuant to *R. R.* 8:7–5(a).   Defendants state that they did not request that the proceedings be recorded nor did they consent to the use of a recording device.   They contend that the Board of Health requested the magistrate to use a sound recording device and that therefore it must bear a portion of the expense.   Specifically, the defendants contend that, as a matter of fact, to provide a transcript a shorthand record must be taken from the sound recording device before it can be transcribed.   Defendants submit that the party who requested the use of a recording device should pay such cost necessary to make a shorthand record which they contend is necessary to put the record in proper form for transcription.

Counsel have made conflicting hearsay representations as to the need for a shorthand record prior to the typing of a transcript but no expert testimony was produced by either side.   For the purpose of the motion, however, it is not necessary that this issue be decided.

It is the view of the court that the rules require the entire cost of preparation of the transcript to be borne by the appellant.   *R. R.* 3:10–10 explicitly requires that "an original and a copy of the transcript of the trial duly certified as correct shall be filed *by the appellant* * * * within 10 days after the filing of the notice of appeal."   (Emphasis supplied throughout.)   *R. R.* 8:7–5(b) provides that "Upon request of any party for a transcript of any proceeding

recorded by a sound recording device and upon payment of the expense therefor which shall not exceed the rates fixed by the Administrative Director of the Courts, the magistrate shall furnish a transcript of the testimony." The wording of the above rules indicates that the party *requesting the transcript,* in this case necessarily the defendants-appellants, is required to pay the cost.

Appellants argue that the language of the first sentence of *R. R.* 8:7-5(a) requires the plaintiff, who requested that a recording be made, should at least bear the expense of preparing a stenographic record from which the transcript will be made. That sentence, reading as follows: "At the request of *any party willing to bear the expense thereof,* the magistrate shall duly swear any certified shorthand reporter or other stenographer competent to make an accurate stenographic record of the proceedings," relates only to a situation where a reporter or stenographer is used; it has no bearing on a situation in which a sound recording device is used.

■ The use of a sound recording device is completely discretionary with the magistrate. Contrary to the mandatory requirement that he swear "any certified shorthand reporter," the rule gives the magistrate absolute discretion to refuse to permit the use of a sound recording device. It would appear that the reason for vesting such discretion lies in the concomitant requirements that if a sound recording device is used, the magistrate must supervise and direct its operation, keep the record so made for a period of three months and when a transcript is made, certify its accuracy.

The high degree of supervision vested in the magistrate also places with him the responsibility of making arrangements for transcribing the recording and furnishing it to the appellant. *R. R.* 8:7-5(b) provides that: "Upon request of any party * * * *the magistrate shall furnish a transcript* of the testimony."

There is no requirement in the rule that the services of a certified shorthand reporter should be used to prepare the

transcript from the sound record. In fact, the inferences drawn from the language of the rule indicate an intention to permit a transcript to be prepared without the services of a certified shorthand reporter. Note for example the requirements that the magistrate furnish the transcript to the party requesting it and that he certify that it is correct. The purpose of such a requirement is undoubtedly to provide a certification by a responsible person under the control of the judicial system other than a certified shorthand reporter.

An overall purpose to expedite the administration of justice without making appeals unduly expensive is discerned from the scheme of the rules. Appeals from convictions for violation of a municipal ordinance are required to be heard *de novo* by the County Court where no record has been made before the magistrate. *R. R.* 3:10–10(a). This is necessarily a duplicitous, time consuming process. The witnesses must testify again and counsel present their arguments anew. Where a record has been made in the municipal court, however, the appeal is heard on the record, each side presenting such briefs as may be desired, the hearing consisting solely of oral argument.

The latter is a procedure using a far shorter period of court time. The appellant is protected from inordinate expense by the provision in *R. R.* 8:7–5(b) that the cost for transcribing a sound recording may not exceed the rates fixed by the Administrative Director.

An order may be submitted indicating that the cost of preparing the transcript shall be borne by the defendants-appellants; the time for perfecting the appeal under *R. R.* 3:10–10(a) will be extended for an additional 10 days.